[Crim. No. 3243. Second Appellate District, Division One.—September 12, 1939.]

THE PEOPLE, Respondent, v. GEORGE A. GLOVER, Appellant.

Edward J. Queen for Appellant.

Earl Warren, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

DORAN, J.—Defendant appeals from a judgment of conviction by the court of the offense of grand theft. A jury having been duly waived, the issue was submitted by stipulation upon the evidence produced for the magistrate's consideration at the preliminary hearing.

Briefly, as revealed by the record, the circumstances surrounding the commission of the offense are as follows: Frank and Alice Sesma, man and wife, were the owners of an undivided one-half interest in thirty-three acres, consisting mainly of citrus trees, in Los Angeles County. Mr. and Mrs. D. C. Peterson were the owners of the other undivided one-half interest. Sesma brought an action in partition in connection with which defendant Glover became the attorney for Peterson. Defendant negotiated on behalf of Peterson for the purchase of Sesma's undivided one-half interest, and during the course of such negotiations opened an escrow with the Title Guarantee & Trust Company, apparently or ostensibly to conclude the transaction. Peterson's relation to the escrow amounted, in effect, to an offer to buy, in connection with which about $6,000 was deposited by him and $6,800 by another, incidental to the transaction. No agreement to buy and sell was ever executed by the parties, nor did Sesma ever become a party to the above-mentioned escrow. The transaction was never consummated, if indeed it ever went beyond preliminary discussions, and the moneys deposited in the escrow were returned.

Defendant, as Peterson's attorney in the above-mentioned partition action, undertook by cross-complaint to set up an action in specific performance based on the above briefly described negotiations. At the time defendant was employed by Peterson, a fee of $1200 was agreed upon. Defendant required Peterson to execute a trust deed for $1500 which trust deed was to be held by defendant to secure the payment of the fee. Instead, and without Peterson's knowledge, defendant

sold the trust deed. In addition, Peterson paid defendant over $2,200 in fees.

During the negotiations between Sesma and Peterson above referred to, Peterson gave defendant $350 which defendant asserted was necessary to pay interest on a certain incumbrance on the property. This $350 was appropriated by defendant and constituted the subject-matter of the grand theft charge of which defendant was found guilty.

The sole contention on appeal is based upon the claim that the evidence fails to support the judgment.

The defendant was the only witness appearing for the defense. Without going into further detail, it is sufficient to note that, although a conflict in the evidence was created by defendant's testimony, nevertheless, the evidence offered in support of the prosecution was corroborated and substantial, and is abundantly sufficient to support the judgment as a matter of law.

There being no errors in the record, the judgment should be, and it is, affirmed.

York, P. J., and White, J., concurred.